1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CANDACE SMITH,                          Case No.  1:25-cv-00418-KES-HBK

12                Plaintiff,                  SCREENING ORDER

13         v.                                 MAY 23, 2025 DEADLINE

14   MERCY AYODELE AKKINOLA, et al.

15                Defendants.

16

17         Plaintiff Candace Smith ("Plaintiff"), who is proceeding pro se, initiated this civil action

18   on April 10, 2025, by filing a form "Complaint for Civil Case."  (Doc. No. 1, "Complaint").  The

19   Court granted Plaintiff's application to proceed *in forma pauperis*.  (Doc. No. 3).  Plaintiff's

20   Complaint is currently before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

21   Upon review, the Court finds the Complaint does not set forth any basis for federal subject matter

22   jurisdiction and fails to state a cognizable claim for relief.  The Court will afford Plaintiff an

23   opportunity to file an amended complaint before recommending this case be dismissed for lack of

24   subject matter jurisdiction.

25                      **SCREENING REQUIREMENT AND STANDARD**

26         Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any

27   time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

28   on which relief can be granted, or seeks monetary relief against a defendant who is immune from

                                              1

1  such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

2  Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A complaint,

3  however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no

4  set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,*

5  113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a

6  short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ.

7  P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as

8  dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193,

9  1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim

10  to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint

11  is plausible on its face when it contains sufficient facts to support a reasonable inference that the

12  defendant is liable for the misconduct alleged."  *Id*.  At this stage, the court accepts the facts

13  stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The

14  Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or

15  unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

16  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

17  　　　　Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the

18  light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt*

19  *v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation

20  of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal

21  of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v.*

22  *Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to

23  advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role

24  as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d

25  at 1131 n.13.

26  **SUMMARY OF OPERATIVE COMPLAINT**

27  　　　　Plaintiff names the following nine defendants in her Complaint: (1) Mercy Ayodele

28  Akkinola; (2) Midland Financial; (3) Triple A Insurance; (4) Long John Silver Inc.; (5) Taco Bell;

(6) Department of Motor Vehicles; (7) City of Fresno; (8) City of Clovis; and (9) Dannette Nova. (Doc. No. 1 at 1). Under the "Basis of Jurisdiction" section of the Complaint, Plaintiff checks "Federal Question." (*Id*. at 3). Under the section of the form where Plaintiff is directed to provide "specific federal statutes, federal treaties, and/or provisions of the United States Constitution" as the basis of Federal Question Jurisdiction, she states "Fraud, Theft, Attempted Murder[, and] Car Crash Setup." (*Id*. at 4). Despite checking "Federal Question" as the basis of jurisdiction, she also partially filed out portions of the form pertaining to diversity of citizenship jurisdiction. (*See id*. at 4-5). However, Plaintiff only lists herself and some of the named defendants without providing any additional information, such as Defendants' addresses or places of incorporation. (*Id*.). Plaintiff states that the amount in controversy is $5,000,000. (*Id*. at 5). Due to its brevity, the Court cites in full Plaintiff's statement of claim:

> It's believed that Mercy is partnership w/ Midland & together stole car. Upon such created crime scene for benefit of putting my car in a movie marvel Mercy paid Dannette Nova to crash car w/o unknown name of officer, hid in hotel & tried to steal crash vehicle by putting drugs in my foods & oil in gas tank to cause car not move. Ongoing greed attacks, robbery & setups. DMV hid data on vehicle & lied about whose cars.

(*Id*. at 5, unedited).

## DISCUSSION

### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988). A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987). If

3

1  a federal court lacks subject matter jurisdiction, the action must be dismissed.  Fed. R. Civ. P.

2  12(h)(3).

3  A federal question is presented in an action when the claim "aris[es] under the

4  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The presence or absence

5  of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides

6  that federal jurisdiction exists only when a federal question is presented on the face of the

7  plaintiff's properly pleaded complaint.  *See Gully v. First National Bank*, 299 U.S. 109, 112–113

8  (1936).

9  Liberally construed, the Complaint suggests that Smith may have been the victim of some

10  crime.  No matter how liberally construed, the Court cannot independently discern from the face

11  of the Complaint what federal question is presented.  Plaintiff's rambling allegations do not

12  adequately allege the involvement of any state actor or otherwise implicate the United States

13  Constitution or any federal statutes.  (*Id*. at 5).  To the extent that Smith seeks to bring a claim for

14  tort or fraud under state law, she must pursue that claim in state court.  28 U.S.C. § 1367(c)(3).

15  Turning to diversity of citizenship jurisdiction,[1] jurisdiction founded on 28 U.S.C. § 1332

16  requires the parties be in complete diversity and the amount in controversy exceed $75,000.  To

17  establish citizenship for diversity purposes, a natural person must be a citizen of the United States

18  and be domiciled in a particular state.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090

19  (9th Cir. 1983).  A person is considered domiciled in the place they reside if they intent to remain

20  there or intend to return there.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

21  A corporation is a citizen of any state where it is incorporated and of the state where it has its

22  principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*,

23  912 F.2d 1090, 1092 (9th Cir. 1990).

24  Here the Complaint does not provide the citizenship of any of the parties, including

25  Plaintiff.  Thus, the Complaint facially fails to meet the requirement to establish diversity

26  jurisdiction under §1332.

27

28  [1] The Complaint does not assert jurisdiction based on diversity of citizenship, (*see generally* Doc. No. 1), but the Court evaluates the Complaint on this basis considering Plaintiff's pro se status.

Because the Complaint fails to establish any basis for federal subject matter jurisdiction, the Court lacks authority to adjudicate Plaintiff's claims but will afford Plaintiff an opportunity to file an amended complaint if she can cure this defect.  In addition to failing to provide a basis for subject matter jurisdiction, Plaintiff's Complaint does not provide a plain statement of her claims, fails to allege a causal connection between any defendant and any act of wrongdoing, and (other than the City of Fresno, City of Clovis and Department of Motor Vehicles) fails to identify any defendant who may be deemed a state actor.  In preparing an amended complaint, the Court advises Plaintiff of some basis procedural and legal tenets.

**B.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–557.

**C.  State Actor**

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)); *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  An individual defendant is not liable on civil rights claim unless the facts establish either the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);

1    *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

2            City or county governments, including departments within them such as the Sheriff's

3    Department, cannot be held liable under section 1983 for the acts of an employee.  *Monell v.*

4    *Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To state a section 1983 claim

5    against the City or County as a whole, plaintiff would have to allege that a department policy or

6    custom caused his injuries.  *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th

7    Cir. 2020).

8            Further, to the extent Plaintiff seeks monetary damages against the State of California or

9    its agencies, or any of the defendants in their official capacity, such claims are barred by the

10   Eleventh Amendment.  U.S. Const., Amend. XI; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978);

11   *Penhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Kentucky v. Graham*,

12   473 U.S. 159, 169 (1985).  The Eleventh Amendment does not, however, bar suits against state

13   officials in their individual capacities, or for declaratory or injunctive relief in their official

14   capacities.  *Monell*, 436 U.S. at 690 n. 54.

**CONCLUSION AND OPTIONS**

16           Plaintiff's Complaint fails to establish federal subject matter jurisdiction, fails to comply

17   with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim upon which relief

18   may be granted.  To continue the prosecution of this action, Plaintiff must take one of the

19   following three options no later than May 23, 2025.

20           **First Option**:  Because the Court cannot determine that the filing of an amended

21   complaint cannot cure the deficiencies identified above, the Court will afford Plaintiff an

22   opportunity to file an amended complaint if she chooses.  Fed. R. Civ. P. 15(a)(2); *Lopez v. Smith*,

23   203 F.3d 1122, 1126-30 (9th Cir. 2000).  An amended complaint supersedes (replaces) the

24   original complaint and, thus, the amended complaint must be free-standing and complete.  *Lacey*

25   *v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*); E.D. Cal. Local Rule 220.

26   Each claim and the involvement of each defendant must be sufficiently alleged.  The amended

27   complaint should title "First Amended Complaint," include the above case number, and be an

28   original signed and dated under penalty of perjury.  Plaintiff may not change the nature of this

suit or adding unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**Second Option**:  Plaintiff may file a Notice stating she intends to stand on her current Complaint subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order.

**Third Option**: Because no defendant has yet been served, Plaintiff may file a Notice of Voluntarily Dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1).  The Court will then dismiss this case without prejudice as a matter of law.

Alternatively, if Plaintiff fails to timely respond to this Court Order, *i.e.*, fails to perform any of the three options, the undersigned will instead recommend that the district court dismiss this case as a sanction for Plaintiff's failure to comply with a court order under Local Rule 110 and/or for failing to prosecute this action under Federal Rule of Civil Procedure 41(b).

Accordingly, it is **ORDERED**:

1.      **No later than May 23, 2025**, Plaintiff shall take one of the following actions: (a) file a First Amended Complaint; (b); file a Notice that she intends to stand on the Complaint as screened subject to the undersigned recommending the district court dismiss the Complaint for the reasons stated in this Order; (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.

2.      **If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.**

3.      The Clerk of Court shall include a blank non-prisoner civil rights complaint form for Plaintiff's use as appropriate.

Dated:    April 22, 2025

*Helena M. Barch-Kuchta*

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE